IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-03247-CYC

SAMBE DIALLO,

       Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security;
DAVID VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement;
GEORGE VALDEZ, in his official capacity as ICE Field Office Director; and
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,

       Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

       Petitioner Sambe Diallo, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly prolonging his detention under 8 U.S.C. § 1231. ECF No. 1 (the "Petition"). The petitioner, a citizen of Mauritania, entered into the United States on October 2, 2023, was processed for removal proceedings, and two days later was issued a Notice to Appear. *Id.* ¶ 9. On October 30, 2023, the petitioner was released on an Order of Release on Recognizance. *Id.* ¶ 10. Almost two years later, on June 12, 2025, the petitioner was arrested by Immigration and Customs Enforcement officers, and his release on recognizance was terminated. *Id.* ¶ 11. On August 12, 2025, an immigration judge awarded the petitioner bond, but the Bond of Immigration Appeals vacated that order. *Id.* ¶ 12. Two

1

months later, on October 27, 2025, an immigration judge found that petitioner was removeable, ordered him removed to Mauritania, but granted the petitioner's application to withhold removal to Mauritania. *Id.* ¶ 13. On January 12, 2026, a post-order custody review determined that the petitioner had not demonstrated that he would not post a significant risk of flight. *Id.* ¶ 15. The petitioner then filed a petition for writ of habeas corpus in this District, and Magistrate Judge Susan Prose ordered that the petitioner was not afforded procedural safeguards required by 8 C.F.R. § 241.4 and that a conclusory, fact-free assertion of flight risk could not satisfy due process. *Id.* ¶¶ 16–17. A new Decision to Continue Detention then addressed only whether the petitioner might fail to appear for removal but neglected to address when he will be removed. *Id.* ¶ 19. The petitioner contends that his current prolonged detention violates both 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. As relief, he seeks immediate release from custody and an order not to transfer him outside the jurisdiction of this Court while the Petition is pending.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the

2

alien." *Id.* § 1231(a)(2). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See id.* § 1231(a)(6). Therefore, the petitioner's statutory claim lacks merit. However, as a constitutional matter, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Under this standard, the petitioner is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he must simply show that removal is not significantly likely in the reasonably foreseeable future. To make that showing, the petitioner contends that the respondents have remained silent on whether, when, or to where the petitioner might be removed to — for instance, he says that respondents have failed to identify a receiving country, have made no request for travel-documents, and have not provided a removal timeline. ECF No. 1 at 8. That shows that removal is not significantly likely in the reasonably foreseeable future. *See, e.g.*, *Tran v. Baltazar*, No. 26-cv-00940-CNS, 2026 WL 764002, at *4 (D. Colo. Mar. 18, 2026) (conclusion that the petitioner met his initial burden was "bolstered by the fact that the

3

government has been unable to secure Vietnamese travel documents to facilitate Petitioner's removal for over 20 years, and it 'has not provided any reason as to why deportation to [Vietnam] is now possible.'" (quoting *Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025))).

The respondents provide no argument in response. ECF No. 5. Therefore, the respondents have not rebutted the petitioner's showing that there is good reason to believe that there is no significant likelihood of the petitioner's removal in the reasonably foreseeable future. The Petition thus will be granted. *See, e.g.*, *Lorenzzi-Gonzales v. Lyons*, No. 26-CV-00821-CYC, 2026 WL 1132893, at *3 (D. Colo. Apr. 27, 2026).

Respondents note that any order of release would be subject to conditions set by ICE. *See* ECF No. 7. That issue is not one that the Petition raises, and the Court therefore expresses no opinion on it. To the extent the statutes cited in Respondents' response require such conditions, it is unclear what more this Court's order would add.

There is a final matter. The petitioner appears to request attorneys' fees and costs, but he does so indirectly. ECF No. 1 at 13. D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is

**GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the petitioner shall be released from custody within 48 hours; and

(2) that Respondents shall file a status report within 24 hours of the petitioner's release.

Entered and dated this 3rd day of August, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

5